**EAST BAY AUTOMOTIVE COUNCIL,**
Plaintiff–Appellant,

v.

**Q&S AUTOMOTIVE, LLC,**
Defendant–Appellee.

No. 05–16941.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Oct. 19, 2007.

David A. Rosenfeld, Esq., Emily P. Rich, Esq., Weinberg Roger & Rosenfeld, Alameda, CA, for Plaintiff–Appellant.

Robert G. Hulteng, Esq., Philip Paturzo, Esq., Littler Mendelson A Professional Corporation, San Francisco, CA, for Defendant–Appellee.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner East Bay Automotive Council ("the Union") sued Respondent Q&S Automotive, LLC, to compel arbitration under collective bargaining agreements signed by Broadway Auto Acquisition, LLC, and NAC 2000, LLC. The district court denied the Union's motion and, on de novo review, *Carpenters Health & Welfare Trust Fund v. Bla–Delco Constr., Inc.* 8 F.3d 1365, 1367 (9th Cir.1993), we affirm.

Q&S purchased the assets of predecessor companies Broadway Auto and NAC 2000 and continued to employ a majority of their employees. As a successor employer, Q&S was required to recognize and bargain with the Union, *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

40–41, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987), which it did. But a successor employer generally is not bound by predecessors' collective bargaining agreements. *Howard Johnson Co. v. Detroit Local Joint Exec. Bd.,* 417 U.S. 249, 261–62, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *New England Mech., Inc. v. Laborers Local Union 294,* 909 F.2d 1339, 1342 (9th Cir. 1990).

The Union argues that Q&S is bound by the agreements as a signatory because one of its shareholders also was a shareholder of the predecessor companies, and the agreements included a standard-form "employer's representation" that described what would occur *if* they were signed by members of a partnership. However, as the Union's own affidavits admit, both predecessor companies were limited liability companies, not partnerships. The Union's reference to "partner" statements made by the common shareholder do not raise a genuine dispute over a material fact. Form of ownership is a legal status, not a fact that can be proved by a personal opinion. *See* Cal. Corp.Code § § 17050–17062 (describing the legal steps required to form a limited liability company).

The Union argues for the first time on appeal that Q&S assumed the collective bargaining agreements. "As a general rule, we will not consider arguments that are raised for the first time on appeal," *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999), and the Union conceded in the district court that Q&S never expressed an intent to be bound by the agreements.

AFFIRMED.